NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2018[*]
Decided November 29, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 16-2218

| | |
|---|---|
| LARRY G. HARRIS,<br>  *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 07-CV-3225 |
| JACKIE MILLER, et al.,<br>  *Defendants-Appellees.* | Harold A. Baker,<br>*Judge.* |

**O R D E R**

Larry Harris, an Illinois inmate, sued prison officials for violating the Eighth Amendment by serving him a soy-based diet that he says harmed his health. Both sides moved for summary judgment. The district court concluded that Harris had not presented sufficient evidence suggesting that soy posed a known, substantial risk of harm to him. The judge then entered summary judgment in favor of the nonmedical

---

[*] We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

defendants, and Harris voluntarily dismissed his remaining claims. Because Harris failed to furnish evidence upon which a reasonable fact-finder could conclude that the nonmedical defendants knew (or recklessly disregarded) that his diet caused him serious medical issues, we affirm.

On appeal from cross-motions for summary judgment, we view each motion separately and draw all reasonable inferences in favor of the nonmoving party. *Black Earth Meat Mkt., LLC v. Village of Black Earth*, 834 F.3d 841, 847 (7th Cir. 2016). We turn first to the defendants' motion for summary judgment.

About 15 years ago, Illinois prisons began serving inmates a diet largely based on processed soy protein. Harris was incarcerated at Menard Correctional Center at this time, but he mostly ate food that he purchased from the prison's commissary. About three years later, however, long lockdowns at Menard prevented Harris from accessing the commissary, and he began eating the soy-based meals. Shortly thereafter in May 2006, Harris went to the hospital after his heartrate slowed and his breathing became labored. To address his medical issues, a doctor placed a pacemaker in his chest. Similar problems arose after he ate a taco meal at the prison two months later, leading to a second hospital visit. At both visits his treating physicians told Harris to stop eating the soy-based food.

Harris used the prison's grievance process to alert prison officials to his concerns about soy. In his grievances he raised three main points. First, he said that his hospital doctors had blamed his hospital visits on the soy meals. Second, he asserted that when he eats a soy-based meal, he has shortness of breath, stomach swelling, and indigestion. Third, he reported that when he avoided these meals for three months, he lost over 20 pounds. In response to this information, a nurse conducted allergen tests for soy. The tests showed that Harris did not have a soy allergy and could safely consume it. Harris, however, continued to press for a soy-free diet based on his asserted "hypersensitivity" to soy.

This lawsuit followed. It raises the claim that by serving him a soy diet, prison officials violated the Eighth Amendment. In December 2008, about a year and a half after Harris filed the suit, the prison placed him on a soy-free diet. Although the record does not establish why the prison did so, Harris speculates that the change occurred because he submitted to the district court the August 2008 results of a doctor's examination pulled from his medical records. This doctor wrote that Harris's cardiac

issues likely resulted from an undiagnosed thyroid deficiency, which the doctor thought the prison's soy-based diet may have caused or exacerbated.

The judge consolidated Harris's case with similar cases brought by other inmates and recruited attorneys for the plaintiffs. Because none of the plaintiffs had a known soy allergy, the judge limited his analysis to the general risk of harm posed by soy in the prison diet. After receiving reports from experts who without contradiction described the ubiquity of soy in the American diet, the judge concluded that "society today simply does not see soy protein as a risk to the general population, much less a serious risk." He then entered summary judgment on the Eighth Amendment claim in favor of the nonmedical defendants. The judge later asked the plaintiffs which, if any, claims remained. Counsel replied that only retaliation and negligence claims remained, and the plaintiffs asked the judge to dismiss those claims, which he did. Only Harris appeals, and only the entry of summary judgment on the Eighth Amendment claim against the nonmedical defendants is before us. *See Hoffman v. Knoebel*, 894 F.3d 836, 840 (7th Cir. 2018).

Harris argues that the judge improperly entered summary judgment because the record contains some evidence that soy caused his medical problems. We may assume that Harris is correct and that soy harmed him; his claim fails nonetheless. To survive summary judgment on his Eighth Amendment claims against the nonmedical defendants, some evidence must suggest that during the time that they provided Harris with soy meals, they knew (or recklessly disregarded) that the meals would harm him. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Harris relies on his grievances, which he argues alerted the nonmedical defendants to the opinions of the hospital's doctors that soy made him sick.

For three reasons Harris's grievances do not provide a basis for finding that the nonmedical defendants acted with deliberate indifference. First, prison administrators responded to those grievances reasonably by having a nurse test Harris for soy allergies. Nonmedical administrators may rely on the judgment of medical professionals. *See Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). And that judgment, based on the results of the allergy test, was that Harris had no soy sensitivities. The defendants thus permissibly accepted that Harris was not allergic to soy and did not require a soy-free diet. Second, the ostensible conflict that Harris cites—between the results of the allergy test and the opinions of the hospital doctors—does not help him. When two reasonable medical opinions conflict, a prison administrator does not violate the Eighth Amendment by relying on one of them. *See Norfleet v. Webster*, 439 F.3d 392,

396–97 (7th Cir. 2006). Finally, within a few months of a prison doctor opining that Harris should receive a soy-free diet, prison administrators arranged one for him. And no evidence suggests that the modest time it took the administrators to arrange for his special diet reflects deliberate indifference.

Based on this record, the judge correctly ruled on the cross-motions for summary judgment. Because when construed in Harris's favor, the evidence would not permit a fact-finder to rule that the nonmedical defendants recklessly disregarded his medical health, the judge correctly granted their motions on the Eighth Amendment claim. It necessarily follows that when we construe the evidence against Harris, the judge correctly denied his cross-motion for summary judgment on the same Eighth Amendment claim.

Harris also contends that he received ineffective assistance of counsel. But because this is a civil case, Harris had no right to effective assistance of counsel. *See Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001).

AFFIRMED